IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

ZACHARY JOE PRUYNE SALAS,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF429-13

DECISION AND ORDER

(Defendant's Motion to Dismiss the Indictment)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 28, 2014, on Zachary Joe Pruyne Salas' ("Defendant") Motion to Dismiss the Indictment. Assistant Attorney General Nicole D. Driscoll appeared on behalf of the People of Guam ("the People"). Attorney Howard G. Trapp appeared on behalf of the Defendant. Following the hearing, the Court took the matter under advisement. Upon review of the oral and written arguments, along with the legal authorities presented by both parties, the Court issues its Decision and Order **DENYING** Defendant's Motion to Dismiss.

## BACKGROUND

The Superior Court of Guam Grand Jury returned a true bill in the above-captioned case on August 7, 2013. Defendant was indicted on the charge of Theft of Property (as a 2nd Degree Felony). *Indictment* (Aug. 7, 2013). Defendant appeared for an arraignment with Assistant Public Defender Raymond B. Ilagan on August 28, 2013. *See Reporter's Transcript of Proceedings* at B (Apr. 25, 2014). Defendant entered a plea of not guilty and waived his right


ORIGINAL

to a speedy trial. *See Super. Ct. of Guam Minute Entry Log No. 102405* (Aug. 28, 2013) and *Assertion or Waiver of Speedy Trial & Request for Jury of Twelve in Felony Case* (Aug. 28, 2013).

On September 3, 2013, the instant case was assigned to this Court. Subsequently, Public Defender Services Corporation filed a Motion to Withdraw on September 10, 2013, citing a representation of a victim in JD202-04. Consequently, Alternate Public Defender ("APD") was appointed to represent Defendant on September 10, 2013. *See Mot. to Withdraw; Order* (Sep. 10, 2013). APD continued to represent Defendant up until March 19, 2014. Throughout APD's representation, Defendant consistently waived his right to a speedy trial on the record. On March 19, 2014, Attorney Howard G. Trapp was retained and now substitutes Defendant's court-appointed attorney, Alternate Public Defender. *See Substitution of Attorneys* (Apr. 1, 2014).

Defendant filed a Motion to Dismiss the Indictment on March 28, 2014. He also filed an Erratum on April 9, 2014. On April 22, 2014, the People filed their opposition to Defendant's motion. Accordingly, Defendant filed his reply on April 24, 2014. The Court heard the matter on April 28, 2014.

## DISCUSSION

Defendant moves the Court to dismiss the indictment principally on the argument that his trial should have commenced within sixty days after his arraignment. *See Def.'s Mot. to Dismiss* (Mar. 28, 2014). Defendant argues that because he is not in custody, he should have been brought to trial within sixty days and cites to 8 GCA §80.60(a)(3). Further, Defendant argues that he was "not given a chance to read the 'ASSERTION OR WAIVER OF SPEEDY TRIAL' signed by him on July 30, 2013, and filed in this action on August 28, 2013; that the

'ASSERTION OR WAIVER OF SPEEDY TRIAL' had never been read or explained to him by his court-appointed counsel or anyone else; that Defendant had never been given a copy of the 'ASSERTION OR WAIVER OF SPEEDY TRIAL' until just recently [by his current attorney]." *Id.* at 1-2.

The People oppose Defendant's motion. The People argue that "[u]pon information and belief, Defendant met with a lawyer at the Public Defender Service Corporation ("Public Defender") on July 30, 2013, who reviewed the Waiver of Speedy Trial with Defendant before Defendant signed the waiver." *People's Opp'n Mot.* at 2 (Apr. 22, 2014). The People further argue that "when Defendant appeared at his arraignment approximately one month after signing the Waiver of Speedy Trial, Defendant through his attorney at Public Defender, told Magistrate Judge Alberto E. Tolentino that Defendant had waived his right to a speedy trial. On at least one other occasion, on February 3, 2014, Defendant through his attorney at Alternate Public Defender reiterated to this Court that he is still waiving his right to a speedy trial." *Id.* For those reasons, the People contend that the indictment should not be dismissed because the Defendant admits that he signed a Waiver of Speedy Trial on July 30, 2013 and his waiver remains effective to this day, and thus Section 80.60(a)(3) is not applicable.

In his reply, Defendant calls to attention the Assertion or Waiver of Speedy Trial form used by the Public Defender Services Corporation. He argues that it is "so thoroughly misleading that it cannot be construed as a waiver of speedy trial." *Def's. Reply* at 1 (Apr. 24, 2014). Defendant further contends that the first day for calculating the time within which the trial of a defendant must be commenced is the day after the date of his arraignment. "The date of a defendant's arraignment is a constant. The date of a defendant's arraignment is always the same. It never changes." *Id.* at 2.

Guam Code provides when a case is to be dismissed as follows:

**§80.60. When a Case to Be Dismissed, or Not Dismissed for Reasons of Time.**
(a) Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if:
(1) An information is not filed or an indictment returned within the time prescribed by §§ 45.45, 45.50 and 45.80;
(2) The trial of a defendant, who is in custody at the time of his arraignment, has not commenced within forty-five (45) days after his arraignment; or
(3) The trial of a defendant, who is not in custody at the time of his arraignment, has not commenced within sixty (60) days after his arraignment.

8 GCA § 80.60.

"A speedy trial statute or rule is a procedural protection and, except for the right to due process under the statute or rule, does not reach constitutional dimension. Thus, constitutional standards and analysis have no application when the question is whether the defendant has been denied a statutory speedy trial right, and the speedy trial statute may be violated without proof of the violation of the underlying constitutional guaranty." *People v. Julian*, 2012 Guam 26 at ¶ 19.

Defendant relies on §80.60(a)(3) on the proposition that he has not been brought to trial sixty days after his arraignment. On that basis, "[d]ismissal is mandatory unless good cause is shown. *See People v. Ungacta*, 2013 Guam 29 ¶ 9 (citing to 8 GCA § 80.60(a)(3)). However, the Court finds that dismissal is proper only in the context when an assertion of speedy trial was made. *Ungacta* references a speedy trial calculation table from assertions and waivers. *Id.* at ¶ 6. In the instant case, Defendant has had three separate counsels representing him. To date, he has never asserted his right to a speedy trial. On that basis, the Court does not find any violation of his statutory speedy trial right. Accordingly, the Motion to Dismiss is hereby **DENIED**.

/ / /

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Indictment.

**SO ORDERED** this 28 day of JULY, 2014.

_Trial Setting_ is scheduled for 8/11, 2014 at 9a.m.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:

AG / TRAPP

JUL 2 8 2014 Time: 2pm

Deputy Clerk, Superior Court of Guam